## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**GEORGE LINDSEY and RENEE LINDSEY,**
**parents of minor children, A.L.,**

      **Plaintiffs,**

**vs.**                                                  **Civ. No. 23-271 JMR/SCY**

**SANTA FE COUNTY YOUTH**
**DEVELOPMENT PROGRAM; SANTA**
**FE COUNTY DETENTION CENTER;**
**and E. BELTRAN,**

      **Defendants.**

### SPECIAL APPEARANCE AND MOTION TO QUASH FOR IMPROPER SERVICE

      NOW COMES, the New Mexico Association of Counties, by and through its undersigned counsel of Record, Brandon Huss, David Roman, and Bree Barnett, and hereby enter its special appearance for the purposes of contesting service of process on Defendants Santa Fe County Youth Detention Center and E. Beltran[1] and move to quash the summonses issued to these Defendants.

### INTRODUCTION

      On or about February 7, 2023, two returns of service were filed in the First Judicial District Court for the County of Santa Fe for Defendants Santa Fe County Youth Detention Center and Mr. E. Beltran. The returns of service note that the summonses and complaint were served through mail to these Defendants, however the returns list no address, do not appear to have been sent with signature required, have no supporting attachments that showcase postage paid, and were not delivered to any representative authorized to accept service on behalf of the Defendants. Given that Plaintiffs have not complied with the federal or state laws requiring service of process on the

---

[1] Counsel cannot accept service on behalf of a pseudonym Defendant and federal courts lack jurisdiction over unnamed parties. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (*citing Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245.) Defendants request Plaintiff properly name and serve Defendant E. Beltran in accordance with Fed. R. Civ. P. 10(a) and 17(a).

Defendants, undersigned counsel requests this Court quash these summonses and require Plaintiffs to provide each County Defendant with proper notice in accordance with the notions of due process.[2]

## I.    MR. BELTRAN HAS NOT BEEN PPROPERLY SERVED AS AN INDIVIDUAL DEFENDANT IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 4.

While the return of service filed for Mr. E. Beltran indicates that service was completed by mail, there is no indication that the documents were actually mailed or that service was properly affected in any manner pursuant to the applicable rules of civil procedure. In accordance with both Fed. R. Civ. P. 4 and 1-004 NMRA,[3] service may be affected either by serving the individual personally or by leaving a copy of the summons and complaint with an individual of suitable age that resides at that individual's usual place of abode. If service cannot be accomplished in this manner, service may be made by mailing a copy of the documents by first class mail to the defendant's last known mailing address. In this case, Plaintiffs claim that they properly served Defendant E. Beltran via mail services, however this appears to be untrue based on the record. On the return of service, Plaintiffs did not indicate what address they purportedly sent these documents to, did not attach proof of mailing, and there is no indication that they tried to personally serve Mr. Beltran or leave it with an individual at his residence. Thus, given the fact there is no record indicating that Mr. Beltran ever properly received service regarding this matter, undersigned

---

[2] Defendant Santa Fe County Youth & Development Program filed a similar Motion to Quash in the First Judicial District Court for the County of Santa Fe prior to the removal of this case. The summons for Defendant Santa Fe County Youth & Development Program was also improperly served on a secretarial assistant at the New Mexico Association of Counties. The New Mexico Association of Counties functions as an insurance pool organization and is not authorized to accept service on behalf of the Santa Fe County entity.

[3] Fed. R. Civ. P. 4 specifies that service on an individual may be affected by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made by personal service, leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age, or by delivering a copy to an agent authorized by law to receive service of process.

counsel respectfully requests that his summons be quashed, and Plaintiffs be required to provide him with proper notice of the foregoing action.

II.    **A COPY OF THE SUMMONS AND COMPLAINT WAS NOT SERVED UPON A REPRESENTATIVE AUTHORIZED BY LAW TO ACCEPT SERVICE ON BEHALF OF DEFENDANT SANTA FE COUNTY YOUTH DETENTION CENTER.**

Similar to Mr. Beltran, Plaintiff's return of service for Defendant Santa Fe County Youth Detention Center simply notes that service was affected on the entity by mail. However, such return of service fails to even mention what address the summons was sent to, let alone who purportedly received it. This is further complicated by the fact that the Santa Fe County Youth Detention Center has closed its doors since the time of the incident alleged in the Complaint and thus its prior address is no longer in existence. Undersigned counsel has attempted to clarify exactly what county employee or address these documents were allegedly sent to but have yet to find a single county official that has received or accepted service of these documents on the entity's behalf. Most importantly, these documents were not delivered to the Santa Fe County Clerk who is the only individual authorized under New Mexico Law to accept service of process on behalf of a county entity. *See* 1-004(H)(1)(f) NMRA; NMSA 1978 § 4-46-2 (1953). Thus, Plaintiffs have failed to affect service on either of the County Defendants and we respectfully request the summonses be quashed and Plaintiffs be ordered to properly serve the County entities and the individually named defendant.

<u>**CONCLUSION**</u>

Thus, due to the record containing no proof of service on an authorized representative, no statement of compliance with state or federal laws, and no signature by the county clerk appearing on the record, this Court should quash the summonses issued in this case.

Respectfully submitted,

NEW MEXICO ASSOCIATION OF COUNTIES

*/s/ Bree Barnett*
BRANDON HUSS
DAVID ROMAN
BREE BARNETT
444 Galisteo St,
Santa Fe, NM 87501
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
bbarnett@nmcounties.org
*Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

*/s/ Bree Barnett*
Bree Barnett